**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

**-vs-**                                                                                          Case No.  6:08-cr-274-Orl-19DAB

**YOLANDA ORR**

_____

## ORDER

This case comes before the Court on the Emergency Motion for Interruption, Reduction or Termination of Sentence by Yolanda Orr. (Doc. No. 59, filed Jan. 13, 2011.) On May 2, 2009, Orr was sentenced to a term of 57 months of imprisonment. (Doc. No. 34 at 1.) Orr's sentence was affirmed by the United States Court of Appeals for the Eleventh Circuit on June 7, 2010. (Doc. No. 58, filed July 9, 2010.) On January 13, 2011, Orr filed the present motion requesting that the Court grant Orr a temporary interruption, reduction, or termination of her sentence in light of her daughter's medical condition. (Doc. No. 59 at 2.) Orr states that her daughter is currently hospitalized in the Intensive Care Unit of the Henry Ford Medical Center in Detroit, MI. (*Id.*)

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 130 S. Ct. 2683, 2690 (2010) (citing 18 U.S.C. § 3582(b)). The limited circumstances permitting a district court to modify a term of imprisonment are set forth in 18 U.S.C. § 3582(c), which provides that a district court may modify a term of imprisonment: (1) upon motion of the Director of the Bureau of Prisons ("BOP"); (2) when "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;" or (3) when the "term of imprisonment [is] based on a

sentencing range that has subsequently been lowered" by an amendment to the Sentencing Guidelines. 18 U.S.C. § 3582(c); *United States v. Celedon*, 353 F. App'x 278, 279 (11th Cir. 2009). In the present case, the Director of the BOP has not filed a motion to modify Orr's sentence, and Orr does not contend that an amendment to the Sentencing Guidelines lowered her sentencing range.

The Eleventh Circuit has concluded that because district courts lack "inherent authority" to modify a sentence, a district court may "only modify a sentence under Section 3582(c)(1)(B) via Rule 35 or the express authority conferred by 28 U.S.C. § 2255." *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Rule 35 permits a district court to either "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing or reduce a sentence for substantial assistance upon the government's motion. Fed. R. Crim. P. 35. Here, Orr's motion was not filed within the requisite fourteen-day period and does not present arithmetical, technical, or other clear error. Furthermore, the government has not filed a motion for reduction of sentence due to Defendant's substantial assistance. Finally, while 28 U.S.C. § 2255 provides a prisoner in custody the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States, [] the court was without jurisdiction to impose such sentence, or [] the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack," Orr does not argue that she is entitled to relief for the reasons set forth in Section 2255. Accordingly, this Court lacks jurisdiction to modify Orr's term of imprisonment.

**Conclusion**

Based on the foregoing, the Emergency Motion for Interruption, Reduction or Termination of Sentence by Yolanda Orr (Doc. No. 59, filed Jan. 13, 2011) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 13 , 2011.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Yolanda Orr